UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| ROBERT BINKELE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 19-cv-249 |
| v. | ) |
| | ) |
| ADAM AUSLOOS, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Robert Binkele ("Binkele"), by and through his attorneys, Ulmer & Berne LLP, for his Complaint against Defendant Adam Ausloos ("Defendant"), alleges as follows:

### NATURE OF THIS ACTION

1. Plaintiff is a registered representative with Centaurus Financial, Inc. ("Centaurus") and he is also the owner of Estate Planning Team, Inc. ("EPT"). Plaintiff seeks declaratory relief and a preliminary and permanent injunction to preclude Defendant from pursuing an arbitration proceeding he has improperly filed against Plaintiff before the Financial Industry Regulatory Authority ("FINRA") styled *Adam J. Ausloos v. Centaurus Financial, Inc. and Robert Joseph Binkele*, FINRA Arb. No. 18-04252 (the "FINRA Arbitration").

2. Defendant should be enjoined from pursuing the Arbitration as there is no agreement to arbitrate between Plaintiff and Defendant. Moreover, Defendant is not, and has never been, a customer of Plaintiff, and therefore Defendant has no basis to bring an arbitration proceeding before FINRA against Plaintiff. Finally, Defendant is no longer associated with a FINRA industry member so he cannot bring a FINRA industry dispute against Plaintiff.

1

## PARTIES

3. At all times alleged herein, Binkele has been a resident of the State of California. Binkele is a registered representative associated with Centaurus, which is a broker-dealer and a member of FINRA. At all times pertinent herein, Binkele also owned EPT, a Nevada corporation, which provides estate planning advice.

4. Defendant is a resident of the State of Wisconsin. Defendant also is the sole owner of Tax Deferral Trustee Services, LLC ("TDTS"). TDTS is a LLC incorporated in the State of Wisconsin. TDTS provides tax advice and tax services.

## JURISDICTION

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 because the parties are of diverse citizenship and the amount in controversy, exclusive of interest and costs, exceeds $75,000. Specifically, Defendant seeks, through the Arbitration, in excess of $125,000. Exhibit 1, Statement of Claim.

6. This Court has personal jurisdiction over Defendant because he resides within this District.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(a) and (c) because Defendant is located in this judicial district and a substantial part of the events giving rise to this action occurred within this judicial district.

## FACTUAL BACKGROUND
### The FINRA Arbitration

8. On or about December 14, 2018, Defendant initiated the FINRA Arbitration, naming Binkele and Centaurus as Respondents. Binkele was served with the Statement of Claim (the "SOC") on January 7, 2019, through his employer, Centaurus. Statement of Claim, Ex. 1.

9. In the SOC, Defendant complains that Binkele used a contract to steal Defendant's money and asserts various legal claims and theories as a result of the alleged breach of contract.

10. Defendant is the sole owner of TDTS.

11. TDTS provides tax advice and tax services to customers looking to sell appreciated property.

12. TDTS entered into a contract with EPT on May 31, 2017 (the "Contract"). A copy of that contract is attached as Exhibit 2.

13. The Contract provides that TDTS will pay EPT $125,000 as a licensing fee in exchange for the rights to use tax and estate planning solutions from EPT. See Contract, Exhibit 2.

14. There is no contract between Defendant and Binkele.

15. In the FINRA Arbitration, Defendant claims to have lost $125,000 based upon Binkele's alleged failure to perform with the terms of the contract.

16. The only relationship Defendant has with Binkele is through the business relationship that each of their respective companies, EPT and TDTS, have with each other.

17. Defendant does not have an account with Binkele at Centaurus. Centaurus EE Declaration, Exhibit 3.

**Binkele has no Agreement or Obligation to Arbitrate Claims before FINRA with Defendant**

18. Defendant has no right to bring the FINRA Arbitration against Binkele under the FINRA Code of Arbitration Procedure for Customer Disputes. FINRA Rule 12200 requires members firms to arbitrate claims if the arbitration is requested by a "customer," and the "dispute arises in connection with the business activities of the member associated period." Defendant does not qualify as a "customer" under FINRA Rule 12200 because Defendant has never had any accounts with Binkele.

19. Defendant also has no right to bring the FINRA Arbitration against Binkele under the FINRA Code of Arbitration Procedure for Industry Disputes, which requires "industry dispute[s]" between FINRA members to be arbitrated. FINRA Rule 13200 requires members to arbitrate claims

that arise out of the "business activities of a member or an associated person" and is between "members, members and associated persons, or associated persons." FINRA Rule 13100 defines "member" as a broker or dealer admitted to membership in FINRA, and an "associated person" as a person who is registered under the Rules of FINRA or someone who is controlling or controlled by a member. Defendant is not a member or associated person under FINRA rules. Defendant's claims do not arise out of the FINRA regulated "business activities" of Binkele.

## FIRST CLAIM FOR RELIEF – DECLARATORY JUDGMENT

20. Binkele repeats and re-alleges paragraphs 1 through 19 as though fully restated herein.

21. No agreement to arbitrate exists between Defendant and Binkele.

22. The SOC does not identify the basis for which Defendant seeks FINRA arbitration but it could only be possible under either Rule 12200 or Rule 13200 of the FINRA Code of Arbitration Procedure.

23. Rule 12200 requires arbitration if it is requested by a "customer," the dispute is "between a customer and a member or associated person of a member," and the "dispute arises in connection with the business activities of the member of the associated period."

24. Rule 13200 requires FINRA members and associated persons to arbitrate claims between or among them that arise out of the "business activities of a member or an associated person."

25. Defendant is not now and has never been a "customer" of Binkele.

26. Defendant was previously registered with FINRA, but he ceased being registered when he left the industry in July 2016. *See* BrokerCheck for Adam J. Ausloos, Exhibit 4, pp. 3, 6.[1]

27. Defendant is no longer registered with any FINRA member firm nor is he an associated person of any FINRA member firm.

---

[1] BrokerCheck is provided by FINRA and is an online database that provides information about all currently registered FINRA members and associated persons, in addition to information about some previously registered FINRA members and associated persons. *See* www.brokercheck.finra.org. Last visited Feb. 14, 2019.

4

28. As a result, Binkele lacks any obligation to arbitrate any claims brought by Defendant before FINRA.

29. Declaratory relief is appropriate because the dispute between the parties is definite and concrete, affecting the parties' adverse legal interests with immediacy.

30. Binkele requests a declaratory judgment from this Court that Binkele has no obligation to arbitrate Defendant's claims pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 USC §2201.

## SECOND CLAIM FOR RELIEF – INJUNCTIVE RELIEF

31. Binkele repeats and re-alleges paragraphs 1 through 30 as though fully set forth herein.

32. Binkele will suffer immediate and irreparable harm if he is compelled to arbitrate claims before FINRA that he did not agree to arbitrate in that forum.

33. Binkele has a likelihood of success on the merits. Binkele has no obligation to arbitrate before FINRA with Defendant. There is no applicable agreement to arbitrate in FINRA between Binkele and Defendant. Defendant is not a "customer" of Binkele as required by FINRA Rule 12200. Defendant is not a "member or an associated person" and the claims do not arise out of the FINRA regulated "business activities" between Binkele and Defendant such that he can compel Binkele to arbitrate any dispute between them as required by FINRA Rule 13200.

34. Binkele has no adequate remedy at law.

35. Binkele is entitled to preliminary and permanent injunctive relief enjoining Defendant from further proceedings against Binkele in the FINRA Arbitration.

## PRAYER FOR RELIEF

WHEREFORE, Robert Binkele respectfully requests that this Court enter an order:

1. Declaring that (a) FINRA is not an appropriate forum to resolve a dispute between Defendant and Binkele; (b) Defendant is not a customer of Binkele or Centaurus; (c)

Ausloos is not a FINRA member or associated person; (d) Defendant's claims against Binkele do not arise out of the FINRA regulated "business activities" of Binkele; (e) FINRA has no jurisdiction to adjudicate the FINRA Arbitration;

2. Preliminarily and permanently enjoining Defendant from pursuing any claims against Binkele in the FINRA Arbitration;

3. Awarding Binkele costs of this suit; and

4. Granting such other relief as this Court deems fair and just.

Respectfully submitted this 18th day of February, 2019.

**ULMER & BERNE LLP**

*/s/ Alan M. Wolper*
Alan M. Wolper
awolper@ulmer.com
500 W. Madison, Suite 3600
Chicago, Illinois 60661
t (312) 658-6500
f (312) 658-6501